RECEIVED
IN ALEXANDRIA, LA

AUG 24 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VAUGHN R. JULIEN<br>LA. DOC. #513283 | DOCKET NO. 08-CV-1016; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE JR. |
| DR. ALFONSO PACHECO, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Vaughn R. Julien, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 10, 2008.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He complains that he has been denied appropriate medical treatment for a "spider bite." Plaintiff seeks compensatory damages of $10 million. He names as defendants the Corrections Corporation of America (CCA), WCC, Dr. Alfonso Pacheco, Warden Tim Wilkinson, Medical Director Pat Thomas, LPN Carla Burke, LPN Laurie Howard, and LPN Lesia Coleman.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] Plaintiff failed to sign the complaint, and it remained deficient until a signed copy was filed on September 24, 2008. He was granted pauper status on September 29, 2008.

## Background and Facts Alleged

Plaintiff alleges that he was bitten by a poisonous spider on November 9, 2007, made a medical emergency call, but was not provided with any medication. On November 10, 2007, Nurse Coleman informed Plaintiff that she would leave a medication pass for him, but she did not do so. On November 13, 2007, Plaintiff showed the warden his ankle. Plaintiff alleges that the bone was visible due to the spider "eating a hole" to the bone. Wilkinson said that he would get Plaintiff medical help, but before help arrived, Plaintiff "fell out" from the poison in his blood. He was taken to the infirmary, where Dr. Pacheco prescribed antibiotics.

According to the administrative remedy forms that Plaintiff filed with his complaint, he made an emergency call on November 10, 2007 for a spider bite, which was actually diagnosed as cellulitis. He was instructed to apply heat, practice good hygiene, and cover the area when it was draining. On November 13, 2007, Plaintiff followed up as instructed, and on November 14, 2007, Plaintiff was examined by Dr. Pacheco, who prescribed antibiotics for the infection. On November 21, 2007, Plaintiff was examined for a follow-up appointment, it was noted that the area of infection had healed and there was no further swelling or difficulty walking.

In Plaintiff's amended complaint, he alleges that his ankle was not healed on November 21, 2007 and has never fully healed. He alleges that he has suffered from swelling and drainage on his

ankle continuously since November 2007. In an amend order, Plaintiff was asked whether he sought additional medical care for the ankle/infection after the appointment on November 21, 2007; and, if so, when. Plaintiff responded that he sought medical care on "several dates," including January 9, 2008, July 24, 2008, and July 3, 2009, but he received no medication or treatment. [Doc. #13]

## Law and Analysis

The Prison Litigation Reform Act (the "PLRA") mandates the dismissal of a prisoner's civil rights complaint in whole or in part if, upon the initial screening of the complaint, the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff disputes the accuracy of the statements in his administrative remedy responses; he alleges that the "spider bite" (or cellulitis infection) acquired in November 2007 has never healed. He alleges that the sore has continuously leaked or drained puss and has remained swollen to this date. He alleges that he walks with a "permanent limp" as a result of the ongoing infection. Plaintiff alleges that he sought medical treatment on

several occasions since 2007, but was denied care by the nurses and physician each time, despite the obvious infection and need for treatment.

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999). An Eighth Amendment claim consists of two components - one objective and one subjective. Farmer, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must prove that he was exposed to a substantial risk of serious harm. Id. at 834; Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. See Farmer, 511 U.S. at 834; Lawson, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. Farmer, 511 U.S. at 840-41; Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Stewart, 174 F.3d at 534. The defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. Farmer, 511 U.S. at 842; Harris v. Hegman, 198 F.3d 153, 159 (5th Cir. 1999).

As to Defendant Tim Wilkinson, Plaintiff has not alleged deliberate indifference. Plaintiff states that he showed his ankle to the warden in November 2007, and the warden said that he would get Plaintiff medical help. Plaintiff received medical treatment that same day. None of Plaintiff's allegations indicate that the warden acted with deliberate indifference. Plaintiff's claim against Wilkinson should be dismissed.

Plaintiff alleges that Medical Director Pat Thomas is liable for the actions of her subordinates and for failing to properly train them. A supervisor may not be held liable for a civil rights violation by one of her subordinates under a theory of respondeat superior or vicarious liability. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Supervisory officials can be held liable only if the plaintiff demonstrates either: (1) the supervisor was personally involved in the constitutional deprivation, or (2) the supervisor implements unconstitutional policies that causally result in Plaintiff's injuries. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). Vicarious liability[2] does not apply to § 1983 claims. Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied,* 514 U.S.

---

[2] Vicarious liability is liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. Black's Law Dictionary (8th ed. 2004).

5

1107 (1995). Plaintiff does not allege facts indicating that Thomas had any personal involvement with the alleged deprivation or that she implemented policies which led to the alleged constitutional violation. In addition, negligent failure to supervise does not rise to a constitutional violation. The Supreme Court has long held that negligence is not actionable under §1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). Plaintiff's claim against Pat Thomas should be dismissed. To the extent that Plaintiff intended to suggest that Warden Wilkinson was liable as supervisor for the actions of his subordinates, those claims would fail also.

Plaintiff alleges that CCA is liable for the actions of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, neither is a private corporation vicariously liable under § 1983 for its employees' deprivations of others' civil rights. <u>See Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Rosborough v. Mgmt. & Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff's complaint is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Plaintiff's claim against CCA should be dismissed.

Next, Plaintiff names WCC as a defendant. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued

shall be determined by the law of the state in which the district court is held." Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review of the Louisiana Secretary of State's corporation database suggests that WCC is not a corporation and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise. WCC should be dismissed as a defendant.

Plaintiff alleges that, despite the obvious infection and clearly visible swelling and puss, Dr. Pacheco, Nurse Burke, Nurse Howard, and Nurse Coleman refused to provide him with medical treatment. He also alleges that the infection is serious as it has not cleared up and has caused him to walk with a permanent limp. While it seems unlikely that Plaintiff could have an infection lasting two years without developing into some serious illness or sepsis, an *in forma pauperis* complaint cannot be dismissed because it seems unlikely or improbable without any factual development. See Denton v. Hernandez, 504 U.S. 23, 33 (1882). Therefore, service of process will be ordered on Plaintiff's claims against the named medical personnel.

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that

7

Plaintiff's claims against **ONLY THE FOLLOWING DEFENDANTS be DISMISSED as frivolous and for failing to state a claim for which relief can be granted:**

>    Corrections Corporation of America,
>    Winn Correctional Center,
>    Warden Tim Wilkinson, and
>    Pat Thomas.

**Service of process will be ordered on the other defendants.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 24th day of August, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE